IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANGELA D. BUTLER,

     Plaintiff,

v.                                      CASE NO. 5:11-cv-44-RS-GRJ

SMITH, DEAN & ASSOCIATES, INC.,
a Florida Corporation,

     Defendant.
_____ /

## O R D E R

Pending before the Court is Plaintiff's Motion To Compel Production Of Documents And Compel Complete Responses To Plaintiff's First Request For Production Of Documents. (Doc. 34.)  Plaintiff requests the Court to enter an order compelling Defendant to produce documents and provide more complete answers to Plaintiff's requests for production. Defendant has not filed a response to the motion and the time for doing so has long since passed.

According to Plaintiff, although Defendant has served several responses to Plaintiff's request for production, Defendant failed to provide a promised supplemental response and failed to provide any documents in response to the Plaintiff's discovery requests.  Plaintiff requests that Defendant provide more complete responses to Plaintiff's requests for production nos. 6, 7, 9, 10, 13, and 16, which concern, *inter alia,* previous litigation filed against Defendant, a list of Defendant's employees, Defendant's tax returns and financial statements.

Because Defendant has failed to file a response to Plaintiff's motion the Court assumes that Defendant does not have any meaningful arguments to offer in opposition

to Plaintiff's request and therefore the motion is due to be granted.

In addition, Plaintiff requests an award of attorney's fees pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure due to Defendant's failure to provide the requested discovery. Rule 37(a)(5) provides "If the motion is granted ... the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  As written the Rule mandates that the Court award fees where, as here, the motion is granted. The Rule provides an exception to the requirement that the Court "must" award of attorney's fees in situations where the court finds that the "opposing party's nondisclosure ... was substantially justified" or finds "other circumstances make an award of expenses unjust."  Id. Because Defendant has failed to file a response to the motion, Defendant has failed to demonstrate that either of these situations is present in this case. Accordingly, Plaintiff is entitled to an award of attorney's fees incurred in preparing and filing the motion to compel. Plaintiff will be given ten days to file an affidavit establishing the time expended and the hourly rate for the requested attorney's fees. Defendant shall have ten days thereafter to file a response to the requested amount of attorney's fees. The Court will then take the matter under advisement and issue a further order as to the amount of attorney's fees to be awarded.

Accordingly, upon due consideration, it is **ORDERED** that:

(1)     Plaintiff's Motion To Compel Production Of Documents And Compel Complete Responses To Plaintiff's First Request For Production Of Documents (Doc. 34) is **GRANTED**.

(2)     Defendant shall provide full and complete responses to Plaintiff's requests

for production nos. 6, 7, 9, 10, 13, and 16 and shall produce all

documents responsive to each of those requests for production on or

before **October 19, 2011**.

(3)     Plaintiff's request for attorney's fees is granted. Plaintiff shall file an

affidavit in support of her request for attorney's fees within ten days.

Defendant shall have ten days after service of Plaintiff's affidavit to file a

response to the amount of attorney's fees requested.

**DONE AND ORDERED** this 4th day of October, 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge